WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronnie Wayne Clark,<br><br>         Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>         Respondents. | CIV-13-1482-PHX-SRB (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT COURT:

    Petitioner Ronnie Wayne Clark, who is confined in the Arizona State Prison-Kingman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondents filed an Answer on June 26, 2014 (Doc. 13), and Petitioner filed his Reply on September 22, 2014 (Docs. 18, 19).

## BACKGROUND[1]

    According to the pleadings, this instant habeas petition involves three separate, but related, cause numbers – CR 2008-006095-015 DT, CR 2008-006592-003 DT, and CR 2009-007738-001 DT.

    Regarding CR 2008-006095-015 DT, on March 14, 2008, the Maricopa County Grand Jurors, in a multi-count indictment involving over 40 defendants and over 500 charges,

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 13 – Respondents' Answer.

indicted Petitioner for one count of conspiracy, a class 2 felony (Count 1); one count of illegally conducting an enterprise, a class 3 felony (Count 4); one count of assisting a criminal street gang, a class 3 felony (Count 6); one count of money laundering, a class 3 felony (Count 7); 26 counts of use of wire communication or electronic communication in drug related transaction, class 4 felonies (Counts 41, 45, 51, 55, 64, 79, 84, 96, 126, 142, 157, 163, 169, 211, 256, 271, 301, 320, 344, 377, 405, 432, 459, 460, 504, and 541); and 23 counts of sale, transfer or offer to sell or transfer narcotic drugs, class 2 felonies (Counts 44, 50, 54, 63, 78, 95, 125, 141, 156, 162, 168, 210, 255, 270, 301, 319, 343, 376, 404, 431, 458, 503, and 540).  (Exh. A.)  The offenses were summarized in the presentence report as follows:

> During the first part of year 2007, an increase in violent and drug related crime occurred in the area claimed by the criminal street gang, the Westside City Crips.  An investigation ensued into this gang and their involvement in the trafficking of narcotic drugs, specifically, crack cocaine.  During the investigation, which included interception of cellular telephone calls and surveillance, Ebony Letrice Hickman was identified as being a major supplier of crack cocaine to members of the criminal street gang.  Through the same investigative methods, [Petitioner] was identified as Ebony Hickman's supplier of crack cocaine from November 1, 2007, through March 13, 2008.

(Exh. O at 1.)

As to CR 2008-006592-003 DT, on April 16, 2008, the Maricopa County Grand Jurors indicted Petitioner on two counts of possession of narcotic drugs for sale, class 2 felonies (Counts 6 and 7).  (Exh. B.)  As described in the presentence report:

> During the investigation as to his actions and involvement with Ebony Hickman, [Petitioner] was found to be a primary supplier of crack cocaine, which occurred on a weekly basis.
>
> On March 19, 2008, a search warrant was served on his home and property. Located in a hidden compartment in his vehicle and operated by a power switch were three packaged baggies containing 191 grams, 263 grams, and 317 grams of crack cocaine.

(Exh. O at 2.)

And, regarding CR 2009-007738-001 DT, on October 8, 2009, the Maricopa County Grand Jurors indicted Petitioner on seven counts of misconduct involving weapons, class 4 felonies.  (Exh. C.)  The presentence report stated:

- 2 -

> On March 19, 2008, a search warrant was served on [Petitioner's] home resulting from his involvement in illegal narcotic drug sales with Ebony Hickman and her associates. Located in [Petitioner's] home at the time were seven firearms.

(Exh. O at 2.)

On August 3, 2010, Petitioner entered into plea agreements on all three cause numbers. In CR 2008-006095-015 DT, Petitioner pled guilty to Count 4, participation in an illegal enterprise, a class 3 felony; Count 6, assisting a criminal street gang, a class 3 felony, and Count 7, money laundering, a class 3 felony with one prior felony conviction. (Exh. D at 1.) In exchange, the State dismissed all remaining charges and sentencing allegations. (Id. at 2; Exhs. G, J.)

In CR 2008-006592-003 DT, Petitioner pled guilty to Counts 6 and 7, possession of narcotic drugs for sale in an amount that exceeded the statutory threshold, both class 2 felonies with one prior felony conviction. (Exh. E at 1.) The parties stipulated that Petitioner be sentenced to concurrent aggravated terms of 14 years of imprisonment, to run currently with sentences imposed in the other two cause numbers. (Id. at 1-2; Exhs. H, J.)

In CR 2009-007738-001 DT, Petitioner pled guilty to Counts 1 and 2, misconduct involving weapons, both class 4 felonies. (Exh. F at 1.) In exchange, the State dismissed Counts 3 through 7 and the prior felony conviction allegation. (Id.; Exhs. I, J.)

On September 9, 2010, the trial court sentenced Petitioner in all three cause numbers pursuant to the stipulated sentences in the plea agreements. (Exhs. D, E, F.) For CR 2008-006095-015 DT, the trial court sentenced Petitioner to 3.5 years of imprisonment each for Counts 4 and 6, and to 6.5 years of imprisonment for Count 7, all to be served concurrently with each other as well as the sentences in the other two cause numbers. (Exh. K at 2-3; Exh. N at 6.) For CR 2008-006592-003 DT, the court sentenced Petitioner to 14 years of imprisonment each for Counts 6 and 7, also to be served concurrently with each other as well as the sentences in the other two cause numbers. (Exh. L at 2; Exh. N at 6-7.) And, for CR 2009-007738-001 DT, the court sentenced Petitioner to 2.5 years of imprisonment each for Counts 1 and 2, to be served concurrently with each other, as well as

1    with the sentences in the other two cause numbers.  (Exh. M at 2; Exh. N at 7.)  Petitioner
2    received and signed a "Notice of Rights of Review after Conviction and Procedure" for all
3    three cause numbers at his sentencing hearing on September 9, 2010.  (Exhs. P, Q, R.)

4    On November 26, 2010, Petitioner filed a timely notice of post-conviction relief in all
5    three cause numbers.  (Exh. S.)  The trial court assigned PCR counsel on December 1, 2010.
6    (Exh. T.)  On March 16, 2011, Petitioner's PCR counsel filed a notice alerting the court that
7    a review of the record revealed no "tenable" issues to raise in a petition for post-conviction
8    relief.  (Exh. U.)  On April 4, 2011, the trial court granted Petitioner time within which to file
9    a *pro per* petition for post-conviction relief.  (Exh. V.)

10   On May 17, 2011, Petitioner filed a *pro per* petition for post-conviction relief, in
11   which he checked several boxes on the form, alleging generally and without development
12   that he was eligible for relief because: evidence introduced at trial was obtained by an
13   unconstitutional search and seizure; he had constitutionally ineffective counsel; his plea was
14   unlawfully induced; other constitutional rights were abridged; the indictment and information
15   were invalid; the trial court lacked jurisdiction; and other unspecified general grounds.  (Exh.
16   W at 2.)  The State filed a response on August 22, 2011, arguing that Petitioner's PCR
17   petition was "too vague and general to allow a response" and that Petitioner did not state a
18   colorable claim for relief.  (Exh. X at 9.)  Petitioner filed a reply on September 12, 2011.
19   (Exh. Y.)  On October 6, 2011, the trial court summarily dismissed Petitioner PCR petition
20   for failing to state a colorable claim for relief.  (Exh. Z.)

21   Petitioner evidently filed a petition for review of the trial court's denial of his PCR
22   petition although said petition for review has not been submitted by the parties.  On May 31,
23   2012, Petitioner moved to stay the petition for review that, according to the motion to stay,
24   he had filed on November 10, 2011.  (Exh. AA.)  The Arizona Court of Appeals denied the
25   petition for review on May 15, 2013.  (Exh. BB.)

26   On June 5, 2012, Petitioner filed a second PCR petition, raising four issues: (1)
27   wiretap evidence was obtained in violation of his constitutional rights; (2) IAC (trial counsel)
28   for failure to challenge wiretap evidence; (3) prosecutorial misconduct for failure to file an

- 4 -

1  indictment within time proscribed by Rule 12.9 of the Arizona Rules of Criminal Procedure;
2  and (4) the trial court lacked jurisdiction. (Exh. CC at 6.) On June 19, 2012, the trial court
3  dismissed the PCR petition as untimely. (Exh. DD at 2.) On July 9, 2012, Petitioner filed
4  a notice of appeal, followed by a petition for review filed on July 18, 2012, in the court of
5  appeals. (Exhs. EE, FF.) On October 3, 2013, the Arizona Court of Appeals denied the
6  petition for review. (Exh. GG.)

On July 22, 2013, Petitioner timely filed the instant habeas petition, alleging four grounds for relief: (1) Petitioner's Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated when he was denied the opportunity to challenge irregularities in the grand jury proceedings; (2) Petitioner's counsel was ineffective during plea negotiations, in violation of Petitioner's Sixth and Fourteenth Amendment rights; (3) Petitioner's conviction was obtained as a result of prosecutorial misconduct, in violation of Petitioner's Fourth, Fifth, and Fourteenth Amendment rights; and (4) Petitioner's Fourth, Fifth, and Sixth Amendment rights were violated when evidence obtained in an unconstitutional seizure was used to convict him.

**DISCUSSION**

In their Answer, Respondents contend that all of the grounds for relief set forth in Petitioner's habeas petition are procedurally defaulted. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254(b)(1) and (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 839-46 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).

1          Proper exhaustion requires a petitioner to have "fairly presented" to the state courts
2   the exact federal claim he raises on habeas by describing the operative facts and federal legal
3   theory upon which the claim is based.  See, e.g., Picard v. Connor, 404 U.S. 270, 275-78
4   (1971) ("[W]e have required a state prisoner to present the state courts with the same claim
5   he urges upon the federal courts.").  A claim is only "fairly presented" to the state courts
6   when a petitioner has "alert[ed] the state courts to the fact that [he] was asserting a claim
7   under the United States Constitution." Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)
8   (quotations omitted); see Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996) ("If a petitioner
9   fails to alert the state court to the fact that he is raising a federal constitutional claim, his
10  federal claim is unexhausted regardless of its similarity to the issues raised in state court.").
11         A "general appeal to a constitutional guarantee," such as due process, is insufficient
12  to achieve fair presentation.  Shumway, 223 F.3d at 987 (quoting Gray v. Netherland, 518
13  U.S. 152, 163 (1996)); see Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005)
14  ("Exhaustion demands more than drive-by citation, detached from any articulation of an
15  underlying federal legal theory."). Similarly, a federal claim is not exhausted merely because
16  its factual basis was presented to the state courts on state law grounds – a "mere similarity
17  between a claim of state and federal error is insufficient to establish exhaustion." Shumway,
18  223 F.3d at 988 (quotations omitted); see Picard, 404 U.S. at 275-77.
19         Even when a claim's federal basis is "self-evident," or the claim would have been
20  decided on the same considerations under state or federal law, a petitioner must still present
21  the federal claim to the state courts explicitly, "either by citing federal law or the decisions
22  of federal courts." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000) (quotations
23  omitted), amended by 247 F.3d 904 (9th Cir. 2001); see Baldwin v. Reese, 541 U.S. 27, 32
24  (2004) (claim not fairly presented when state court "must read beyond a petition or a brief
25  ... that does not alert it to the presence of a federal claim" to discover implicit federal claim).
26         Additionally, under the independent state grounds principle, a federal habeas court
27  generally may not review a claim if the state court's denial of relief rests upon an
28

1 independent and adequate state ground. See Coleman v. Thompson, 501 U.S. 722, 731-32

2 (1991). The United States Supreme Court has explained:

> In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Id. at 730-31. A petitioner who fails to follow a state's procedural requirements for presenting a valid claim deprives the state court of an opportunity to address the claim in much the same manner as a petitioner who fails to exhaust his state remedies. Thus, in order to prevent a petitioner from subverting the exhaustion requirement by failing to follow state procedures, a claim not presented to the state courts in a procedurally correct manner is deemed procedurally defaulted, and is generally barred from habeas relief. See id. at 731-32.

Claims may be procedurally barred from federal habeas review based upon a variety of factual circumstances. If a state court expressly applied a procedural bar when a petitioner attempted to raise the claim in state court, and that state procedural bar is both "independent"[2] and "adequate"[3] – review of the merits of the claim by a federal habeas court is barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.") (citing Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977) and Murray v. Carrier, 477 U.S. 478, 485-492 (1986)).

Moreover, if a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("[A] state court need not fear reaching the merits of

---

[2] A state procedural default rule is "independent" if it does not depend upon a federal constitutional ruling on the merits. See Stewart v. Smith, 536 U.S. 856, 860 (2002).

[3] A state procedural default rule is "adequate" if it is "strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (quoting Hathorn v. Lovorn, 457 U.S. 255, 262-53 (1982)).

- 7 -

1  a federal claim in an *alternative* holding.  By its very definition, the adequate and
2  independent state ground doctrine requires the federal court to honor a state holding that is
3  a sufficient basis for the state court's judgment, even when the state court also relies on
4  federal law. ... In this way, a state court may reach a federal question without sacrificing its
5  interests in finality, federalism, and comity.") (citations omitted); Bennett v. Mueller, 322
6  F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not
7  undermined where, as here, the state court simultaneously rejects the merits of the claim.")
8  (citing Harris, 489 U.S. at 264 n.10).

9        A procedural bar may also be applied to unexhausted claims where state procedural
10  rules make a return to state court futile. See Coleman, 501 U.S. at 735 n.1 (claims are barred
11  from habeas review when not first raised before state courts and those courts "would now
12  find the claims procedurally barred"); Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir.
13  2002) ("[T]he procedural default rule barring consideration of a federal claim 'applies only
14  when a state court has been presented with the federal claim,' but declined to reach the issue
15  for procedural reasons, or 'if it is clear that the state court would hold the claim procedurally
16  barred.'") (quoting Harris, 489 U.S. at 263 n.9).

17        In Arizona, claims not previously presented to the state courts via either direct appeal
18  or collateral review are generally barred from federal review because an attempt to return to
19  state court to present them is futile unless the claims fit in a narrow category of claims for
20  which a successive petition is permitted. See Ariz.R.Crim.P. 32.1(d)-(h), 32.2(a) (precluding
21  claims not raised on appeal or in prior petitions for post-conviction relief), 32.4(a) (time bar),
22  32.9(c) (petition for review must be filed within thirty days of trial court's decision).  Arizona
23  courts have consistently applied Arizona's procedural rules to bar further review of claims
24  that were not raised on direct appeal or in prior Rule 32 post-conviction proceedings. See,
25  e.g., Stewart, 536 U.S. at 860 (determinations made under Arizona's procedural default rule
26  are "independent" of federal law); Smith v. Stewart, 241 F.3d 1191, 1195 n.2 (9th Cir. 2001)
27  ("We have held that Arizona's procedural default rule is regularly followed ["adequate"] in
28  several cases.") (citations omitted), reversed on other grounds, Stewart v. Smith, 536 U.S.

1  856 (2002); see also Ortiz v. Stewart, 149 F.3d 923, 931-32 (rejecting argument that Arizona
2  courts have not "strictly or regularly followed" Rule 32 of the Arizona Rules of Criminal
3  Procedure); State v. Mata, 185 Ariz. 319, 334-36, 916 P.2d 1035, 1050-52 (Ariz. 1996)
4  (waiver and preclusion rules strictly applied in post-conviction proceedings).

5        The federal court will not consider the merits of a procedurally defaulted claim unless
6  a petitioner can demonstrate that a miscarriage of justice would result, or establish cause for
7  his noncompliance and actual prejudice. See Schlup v. Delo, 513 U.S. 298, 321 (1995);
8  Coleman, 501 U.S. at 750-51; Murray, 477 U.S. at 495-96.  Pursuant to the "cause and
9  prejudice" test, a petitioner must point to some external cause that prevented him from
10 following the procedural rules of the state court and fairly presenting his claim. "A showing
11 of cause must ordinarily turn on whether the prisoner can show that some objective factor
12 external to the defense impeded [the prisoner's] efforts to comply with the State's procedural
13 rule.  Thus, cause is an external impediment such as government interference or reasonable
14 unavailability of a claim's factual basis." Robinson v. Ignacio, 360 F.3d 1044, 1052 (9th Cir.
15 2004) (citations and internal quotations omitted).  Ignorance of the State's procedural rules
16 or other forms of general inadvertence or lack of legal training and a petitioner's mental
17 condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly
18 present his claim. Regarding the "miscarriage of justice," the Supreme Court has made clear
19 that a fundamental miscarriage of justice exists when a Constitutional violation has resulted
20 in the conviction of one who is actually innocent. See Murray, 477 U.S. at 495-96.

21       The Court finds that Petitioner's claims are procedurally defaulted.  Petitioner was
22 sentenced on September 9, 2010, and he filed a timely notice of PCR on November 26, 2010.
23 (Exhs. K, L, M, S.)  The trial court assigned Petitioner PCR counsel and, after reviewing the
24 record, PCR counsel filed a notice alerting the court that there were no viable issues to raise
25 in a PCR petition. (Exhs. T, U.) Petitioner subsequently filed a *pro per* PCR petition. (Exh.
26 W.)

27       In his PCR petition, Petitioner checked the boxes on the form for several general
28 grounds for relief, but did not develop any of them. (Exh. W at 1-2.) Moreover, to the extent

1 there is any mention of the present habeas claims, it is in passing in "Attachment A" under
2 the heading "Statement of Facts and Grounds," where Petitioner states that: (a) the trial court
3 should have dismissed the case "when prosecution filed untimely indictment and
4 information;" (b) prosecutorial misconduct occurred "when intentionally delaying filing of
5 indictment and information to gain advantage to unlawfully induced [sic] a plea of guilty;"
6 (c) denial of due process when prosecution filed "incomplete indictment or information
7 without the correct signature of the grand jury foreperson;" (d) the trial court lacked subject
8 matter jurisdiction; and (e) IAC of counsel for "failure to conduct any pretrial discovery
9 investigation and file a timely motion to challenge grand jury indictment." (Id. at 5-6.)

10       The trial court summarily dismissed Petitioner's PCR petition "[f]or the reasons stated
11 in the Response filed by the State of Arizona." (Exh. Z.) Those reasons were: (1) the PCR
12 did not state a colorable claim for relief that is not specifically precluded by express waiver
13 in the plea agreements in each case; (2) Petitioner failed to articulate claims supported by
14 legal and record citations as required by Rule 32.5, Ariz.R.Crim.P.; and (3) Petitioner's
15 "memorandum of points and authorities is too vague and general to allow a response." (Exh.
16 X at 9.) Thus, Petitioner failed to adequately articulate and develop his claims as required
17 by state law.

18       Accordingly, Petitioner failed to fairly present his claims to the state court by
19 describing the operative facts and federal legal theory upon which his claims are based.
20 Indeed, Petitioner failed to make the federal basis of any claim explicit either by citing
21 specific provisions of federal law, or by citing cases that explicitly analyzed the same federal
22 constitutional claims. See Picard, 404 U.S. at 275-78 ("[W]e have required a state prisoner
23 to present the state courts with the same claim he urges upon the federal courts."). And,
24 Petitioner's general appeal to a constitutional guarantee, such as due process, is insufficient
25 to achieve fair presentation. See Castillo, 399 F.3d at 1003 ("Exhaustion demands more than
26 drive-by citation, detached from any articulation of an underlying federal legal theory.").
27 Moreover, it would be futile for Petitioner to return to the state court to exhaust his claims
28 and, as such, they are procedurally defaulted. See Ariz. R. Crim. P. 32.2 and 32.4.

Additionally, when Petitioner filed his second PCR petition, the trial court applied a procedural bar in denying the petition as untimely pursuant to Rule 32.4, stating that the Petitioner "fails to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding. Rule 32.4(a)." (Exhs. CC, DD.) The court's reliance on a procedural bar operates as an independent and adequate ground in support of that decision. See Coleman, 501 U.S. at 729-32; see also Stewart, 536 U.S. at 860-61; Ortiz, 149 F.3d at 931-32.

Petitioner has not established grounds to excuse the procedural default by a showing of cause and prejudice, and he has not argued a fundamental miscarriage of justice. As stated previously, ignorance of the State's procedural rules or other forms of general inadvertence or lack of legal training and a petitioner's mental condition do not constitute legally cognizable "cause" for a petitioner's failure to fairly present his claim. And, although "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," Martinez v. Ryan, ––– U.S. –––, 132 S.Ct. 1309, 1315 (2012), Petitioner fails to satisfy the ineffective assistance of counsel standard under Martinez.[4]  Accordingly, Martinez is not applicable.

## CONCLUSION

The claims set forth in Petitioner's habeas petition are procedurally defaulted. Thus, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

---

[4] In Nguyen v. Curry, 736 F.3d 1287, 1293 (9th Cir. 2013), the Ninth Circuit Court of Appeals extended Martinez to also apply to underlying claims of ineffective assistance of appellate counsel.

- 11 -

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 17th day of November, 2014.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge